UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PAULINE DEANS,

                              Plaintiff,

                                                        05 Cv. 7634 (CLB)

            - against -                                 *Memorandum and Order*

ANDREW SPANO, Individually, ROCCO POZZI,
Individually, JOSEPH MIRANDA, Individually,
BRIDGET GLADWYN, Individually, CLYDE
ISLEY, Individually, ANTHONY AMICUCCI,
Individually, FREDRICK LANTZ, Individually,
ANTHONY CZARNECKI, Individually,
JOSEPH SPANO, Individually, and
COUNTY OF WESTCHESTER,

                              Defendants.
-----------------------------------------------------------x
Brieant, J.

        Before the Court for decision is Defendants' motion for summary judgment dismissing

all of Plaintiff's claims. Plaintiff brought claims against the County of Westchester and several

individual employees of the Westchester County Department of Correction for violation of her

First Amendment right to Free Speech, and of her Fourteenth Amendment right to Equal

Protection, as made actionable under 42 U.S.C. § 1983.  Plaintiff claims that she was not

promoted to the position of sergeant within the Department 1) because she is Black[1]; 2) because

she is female; 3) because she filed a sexual harassment lawsuit against the Department; 4)

because of favoritism within the Department that excludes the Plaintiff.  Defendants move for

summary judgment, arguing that Plaintiff has failed to present any evidence to support her claim

--------------------------

        [1] Plaintiff's counsel informed the Court during oral arguments on this motion that
Plaintiff specifically wishes to be referred to as Black, as opposed to African-American. Her
complaint reflects that preference.

-1-

that she has been subject to disparate and degrading treatment, or that she was retaliated against because she exercised her First Amendment right to Free Speech.

The following facts are assumed to be true for the purposes of this motion only.  Plaintiff is a Correction Officer with the Westchester County Department of Corrections "DOC").  She has been employed by the DOC for eighteen years.  On October 26, 2002, Plaintiff participated in a Civil Service examination for the position of sergeant. The eligibility list based on the exam was posted on March 14, 2003.  Plaintiff tied with 24 other correction officers with a score of "90" on that exam. Plaintiff's name was the eleventh listed on the eligibility list.  Plaintiff could not initially be "reached" for promotion consideration, because there were nine officers who scored higher than "90".  When Plaintiff's group was "reached", she and other officers were interviewed as part of the promotion process.  Plaintiff was not promoted to the position of sergeant.

Defendants move for summary judgment on all of Plaintiff's claims, arguing that Plaintiff has failed to rebut the legitimate reasons that Defendants offered for not promoting her. Defendants argue that the Department of Correction hiring procedures are in accordance with New York State Civil Service Law.  Defendants also point out that since Plaintiff has taken the October 2002 Civil Service examination for sergeant, "the DOC has promoted: (a) African Americans; (b) females; © African American females; and (d) candidates who have filed grievances and federal lawsuits."

In addition to arguing that the DOC's hiring procedures are manifestly fair, Defendants argue that the result in this specific case was also fair, because Plaintiff was not the best qualified candidate for the job.  They point out that in her deposition, Plaintiff admitted that she was not more qualified than those officers who were promoted to sergeant from the same list. Defendants offer the depositions of Defendants Gladwyn[2] and Amicucci, where each stated that Plaintiff performed poorly in her interview.  For example, they were concerned that Plaintiff had to be prompted, after an unusually long pause, to answer the question "What do you consider to be the job of sergeant?" Defendant Gladwin stated in her deposition that because Plaintiff had given poor responses during her interview, she told Plaintiff's union representative that he should mentor Plaintiff so that Plaintiff could better present herself in the future.

*Fourteenth Amendment Claim*

"The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated be treated alike." *Lattrieste Restaurant v. Village of Port Chester* 188 F.3d 65, 69 (2d Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). In order to establish an Equal Protection violation, Plaintiff must show that "1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights,

---

[2] Defendant Gladwyn is an African American woman was First Deputy Commissioner and Chair of the Promotion Board at the time Plaintiff was interviewed for the position of sergeant.  Her employment was terminated in January 2006, and she was represented by separate counsel because she has a suit pending against the County.

or by a malicious or bad faith intent to injure the person." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995). "Once the plaintiff has established a prima facie case, the burden shifts to the defendant to state a legitimate reason for the termination. After the defendant has established a legitimate reason for the discharge, the burden shifts back to the plaintiff to show that the defendant's stated reason for the discharge is pretextual." *See Sorlucco v. New York City Police Dept*. 888 F.2d 4, 7 (2d Cir. 1989) *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-05  (1973).


Plaintiff has failed to rebut the legitimate, non-discriminatory reasons offered by Defendants in not promoting her to sergeant. Plaintiff states, without any citations to the record, that triable issues of fact have been raised "as to whether the Plaintiff, a black female, was denied sergeant's position because of her color [and] her gender]". However, Plaintiff has offered nothing to raise a material issue of fact to support this allegation, aside from broad references to overall hiring statistics. Although she appears to hold the mistaken belief that she "was ranked Number 11 out of 184" Defendants have demonstrated that this high "ranking" had to do with where her social security number fell within the group of twenty-four candidates who received the same score as she did.  Defendants have also offered the testimony of those who ranked Plaintiff during the interview process, who testified that she performed poorly in the interviews.


Plaintiff admitted in her deposition that she did not understand how the review board ranked candidates that came before them. (Pl. Dep. 98). When asked in her deposition for any

facts that supported her belief that she was being discriminated against because she was a black female, she repeatedly responded with the same answer: "policies, procedures and the numbers." (Pl. Dep. 98).  At her deposition, Plaintiff stated that she considered herself "equally qualified" to the officers who have been promoted to sergeant, although now she asserts that "she was as qualified *and more qualified* than some of the other officers who were." *See Plaintiff's Memorandum in Opposition at 7. (Emphasis added).*  She offers no evidence to support this claim of superior qualification. These bare assertions are simply insufficient to rebut the legitimate reasons given by the Defendants for not promoting Plaintiff to the position of sergeant.

Summary judgment is appropriate where, as in this case, the plaintiff "does not point to any evidence sufficient to create a genuine factual question as to whether the defendants' explanation is a pretext for discrimination." *Kearney v. County of Rockland*, 185 Fed. Appx. 68, 69 (2d Cir. 2006).

*First Amendment Claim*

Defendants also move for summary judgment on Plaintiff's First Amendment retaliation claim.  Plaintiff claims that she was passed over for promotion in retaliation for her filing a complaint and subsequent lawsuit against the Defendant County and other named Defendants in this case, alleging sexual harassment and creation of a hostile work environment.

Defendants argue that even if the lawsuit did constitute a citizen speaking about a matter

of public concern, Plaintiff has failed to offer facts showing that retaliation for Plaintiff's speech

was a substantial or motivating factor in not promoting her to sergeant. Defendants claim that the

lawsuit was not discussed during the interview process, and that four of the Defendants had no

involvement with the lawsuit whatsoever.  They also point to the Plaintiff's deposition

testimony, where Plaintiff was asked about what facts she had or knew of that led her to believe

that the lawsuit was a motivating factor in not promoting her.  Plaintiff responded "[w]ell, it's

my feeling and belief that I was retaliated against just for that reason." Asked again about

supporting facts for that belief, she stated that she had "[n]o facts, just my feeling on that."

These assertions fall far short of what is needed to establish the causal link between protected

speech and retaliation as a matter of law. Defendants also note that during the relevant period, a

sergeant was promoted to captain after that sergeant filed a federal lawsuit against the County

and three individual defendants herein.

         To establish a claim for First Amendment Retaliation, a Plaintiff must show that "(1) his

speech addressed a matter of public concern, (2) he suffered an adverse employment action, and

(3) a causal connection existed between the speech and the adverse employment action."

*Mandell v. County of Suffolk*,  316 F.3d 368, 382 (2d Cir. 2003). Plaintiff has failed to

demonstrate the causal connection required by this test.  As is discussed above, Plaintiffs have

proffered legitimate reasons for not promoting Plaintiff to sergeant.  Plaintiff admitted in her

deposition that she had or knew of no facts to support her First Amendment retaliation claim.

Her memorandum of law and Local Rule 56.1 "counter statement" of facts contain nothing but

bare assertions that the decision not to promote her was based on an intent to retaliate for her

exercise of protected speech.  The only facts she seems to offer in support of this assertion is the

fact that some of the board members were aware of the lawsuit. This is clearly not enough to

survive this summary judgment motion, since our Court of Appeals has held that "a plaintiff may

not rely on conclusory assertions of retaliatory motive to satisfy the causal link."  *Cobb v. Pozzi,*

363 F.3d 89, 108 (2d Cir.2004).  Plaintiffs  "must offer instead some tangible proof to

demonstrate that their version of what occurred was not imaginary."  *Morris v. Lindau* 196 F.3d

102, 111 (2d Cir. 1999). Plaintiff has failed to offer such proof in this case.


### Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted in its

entirety and Plaintiff's complaint is dismissed.  The Clerk shall file a final judgment.

X




    X




       X

SO ORDERED.

Dated: White Plains, New York
       January 12, 2007

Charles L. Brieant, U.S.D.J.